■ In the Matter of the Claim of THOMAS BRUTON, Respondent, against PARADE MOTORS, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— The single question presented on this appeal is the timeliness of filing by the carrier of a written claim for reimbursement from the Special Disability Fund pursuant to section 15 (subd. 8, par. [f]) of the Workmen's Compensation Law. The only portion of that section which is pertinent here reads: "notice or claim of the right to such reimbursement shall be filed with the board in writing prior to the final determination that the resulting disability is permanent". The second accident in question occurred on July 13, 1955. On October 8, 1956 a Referee directed an award of a schedule loss of 10% of the left arm, 35% of the right arm, and for facial disfigurement. An oral claim for reimbursement by the carrier was made at that time. On October 18, 1956, a written claim for reimbursement was filed. Because of reviews and a restoration to the Referee's calendar, a final determination of the nature and extent of the disability was not made by the Referee until March 26, 1957. This award was in all respects affirmed by the board except for a reversal of the Referee's finding that the carrier was entitled to reimbursement, on July 31, 1957. Though permanency may be implicit in an award for a schedule loss and facial disfigurement, this court has held that the time to file a claim for reimbursement, under the portion of the statute above quoted, does not expire until a formal and final determination of the exact nature and extent of the disability. (Matter of D'Amario v. Martins, 277 App. Div. 913; Matter of Kaplan v. Model Iron & Aluminum Corp., 279 App. Div. 694.) It follows that the written claim for reimbursement here was filed timely. Decision and award reversed to that extent and the matter remitted to the Workmen's Compensation Board, with costs to appellants against the Special Disability Fund. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.